# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 07-cv-02100-REB-MJW

FRONTIER STEEL BUILDINGS CORP.,

    Plaintiff,

v.

WISER CONSTRUCTION, LLC,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the defendant's **Motion To Dismiss for Lack of Personal Jurisdiction or, in the alternative, Motion To Transfer the Case to the District of Nevada** [#8], filed October 19, 2007. The plaintiff filed a response, and the defendant filed a reply. I grant the motion.

## I. JURISDICTION

I have putative subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

The defendant, Wiser Construction, LLC, moves to dismiss on the ground that it does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over it in this forum. The assumption of personal jurisdiction over a nonresident defendant in a diversity case involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm

statute.  See **Wenz v. Memery Crystal**, 55 F.3d 1503, 1056-07(10th Cir. 1995); **Dart International, Inc. v. Interactive Target Systems, Inc.**, 877 F.Supp. 541, 543 (D. Colo. 1995).  Second, the exercise of jurisdiction must comport with due process. **Wenz**, 55 F.3d at 1507; **Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.**, 810 F.Supp. 285, 287 (D. Colo. 1992).  Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, **Keefe v. Kirschenbaum & Kirschenbaum, P.C.**, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry regarding whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state.  **International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement**, 326 U.S. 310, 316 (1945); **Kuenzle v. HTM Sport-Und Freizeitgeräte AG**, 102 F.3d 453, 455 (10th Cir. 1996).  "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction.  **Helicopteros Nacionales de Colombia, S.A. v. Hall**, 466 U.S. 408, 414 (1984); **Trierweiler v. Croxton & Trench Holding Corp.**, 90 F.3d 1523, 1532 (10th Cir. 1996).  Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action.  **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 472 (1985); **Kuenzle**, 102 F.3d at 455.  General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation.  **Helicopteros Nacionales de Columbia**, 466 U.S.

2

at 414 - 415; *Trierweiler*, 90 F.3d at 1533.

It is apparent here that the plaintiff seeks to establish specific jurisdiction. Specific jurisdiction exists when a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus, invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Under specific jurisdiction, the suit must be related to the defendant's actions in the forum state. The nonresident defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. These requirements

> are satisfied if "after reviewing the defendant[s'] interactions and connections with the forum state, the court can conclude" that defendants "purposefully availed [themselves] of the protection and benefits of the laws" of Colorado, the forum state. *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir.2002) (quotation omitted). "[T]he mere foreseeability of causing injury in another state" is insufficient to establish the required contacts. *Trierweiler v. Croxton & Trench Holding Corp*., 90 F.3d 1523, 1534 (10th Cir.1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

*Hill v. Pugh*, 75 Fed. Appx. 715, 719, 2003 WL 22100960, **3 (10th Cir. 2003).

I have discretion to resolve the motion on affidavits and other written material. *Behagen v. Amateur Basketball Association*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 105 S.Ct. 1879 (1985). Plaintiffs have the burden to establish a *prima facie* case of personal jurisdiction. *Id*. I must accept the well-pleaded allegations of the complaint as true. *Wenz*, 55 F.3d at 1505; *Behagen*, 744 F.2d at 733. However, plaintiffs have "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an

3

appropriate pleading." *Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir. 1989).

### III. ANALYSIS

Defendant Wiser had a contract with the State of Nevada to construct a building known as the Gallagher Fish Hatchery. Wiser sought bids for a steel building in order to fulfill its contract with the State of Nevada. The Gallagher Fish Hatchery is located in the state of Nevada and Wiser is a Nevada limited liability company.

Plaintiff, Frontier Steel Buildings Corp., is the successor in interest to American Iron & Steel Corporation's interest in a contract with Wiser for the design, engineering, manufacture, sale, and delivery of a pre-engineered steel building. Frontier is a Colorado corporation with offices in Colorado. Initially, American submitted bids for the Gallagher Fish Hatchery project in response to a general solicitation for bids that American found on the internet. Ultimately, American and Wiser agreed on the terms of a contract for the design, engineering, manufacture, and delivery of the building. Construction of the building was not part of the contract. Frontier later assumed American's obligations under that contract.

Frontier performed the design and engineering work required by the contract in Frontier's Colorado offices. According to Frontier, the parties engaged in frequent communications, via fax, telephone, and e-mail, regarding the building's design and Wiser's approval of the design. Wiser delivered payments required by the contract to Frontier in Colorado. After the design and engineering was completed and approved by Wiser, Frontier arranged for the fabrication of the building's parts, and Frontier delivered

85 per cent of the building's parts to the Nevada job site. A Frontier representative traveled to Nevada and worked to resolve problems with the building. Wiser has refused to pay the full purchase price and asserts that the building has various defects. Frontier disputes many of Wiser's defect claims, and Frontier claims Wiser declared a default without allowing a reasonable time to cure. After declaring a default, Wiser covered the completion of the contract. In this suit Frontier alleges that Wiser breached the contract. Frontier seeks payment under the contract and other damages.

Nothing in the complaint or elsewhere in the record indicates that Wiser has had such continuous and systematic contacts with the state of Colorado that would support general jurisdiction. Although the Frontier does not say so specifically, it is apparent that Frontier asserts that Wiser's contacts with Colorado concerning the contract at issue in this case are sufficient to support specific jurisdiction. I disagree.

Wiser's decision to execute a contract with a Colorado corporation, without more, is not sufficient to establish minimum contacts with the state of Colorado. **Burger King Corp. v. Rudzewicz**, 471 U.S. 462, 478 (1985). To provide a basis for personal jurisdiction, a contract with an out-of-state defendant "typically must either require activity by the defendant in the forum state . . . or have been solicited by the out-of state defendant . . . ." **New Frontier Media, Inc. v. Freeman**, 85 P.3d 611, 614 (Colo. App. 2003) (internal citations omitted). At the outset, Wiser did not seek out American in Colorado. Rather, American solicited Wiser's business in Nevada. Wiser's only contacts with Colorado related to the contract were communications with Frontier in Colorado concerning the details of the engineering and design, Wiser's approval of the

5

design, and Wiser's payments to Frontier. The contract did not require Wiser to take any actions in Colorado, except arguably to communicate with Frontier about design details and approval, and to submit payments to Frontier. These communications and payments do not constitute substantial contact with the state of Colorado or a purposeful availment of the protections and benefits of Colorado law.

Further, the actions that form the basis of Frontier's breach of contract cliam in this case are actions allegedly taken by Wiser in Nevada. These actions are Wiser's assertion that the building is defective, Wiser's declaration that it would not make further payment under the contract, and Wiser's declaration of a default under the contract without permitting a reasonable time to cure. Frontier's breach of contract claim is based on actions taken by Wiser in Nevada, and not in Colorado.

Frontier argues that Wiser's refusal to make payment under the contract and Wiser's declaration of a default were improper and that Wiser was aware that its wrongful actions would cause harm to Frontier in Colorado. This assertion does not support specific jurisdiction. "[T]he mere foreseeability of causing injury in another state" is insufficient to establish the required contacts. ***Trierweiler v. Croxton & Trench Holding Corp.***, 90 F.3d 1523, 1534 (10th Cir.1996) (citing ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

In sum, there is no evidence or allegation that Wiser has the type of continuing and systematic contacts with Colorado necessary to establish general personal jurisdiction over Wiser in the state of Colorado. Further, the allegations in the complaint and the facts established in the filings related to Wiser's motion to dismiss do not

demonstrate that Wiser took actions in Colorado sufficient to establish specific jurisdiction.

**THEREFORE, IT IS ORDERED** as follows:

1. That Wiser's **Motion To Dismiss for Lack of Personal Jurisdiction or, in the alternative, Motion To Transfer the Case to the District of Nevada** [#8], filed October 19, 2007, is **GRANTED**;

2. That under Fed. R.Civ.P. 12(b)(1), this case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over the defendant.

Dated September 17, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**